IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHNIE L. McCORMICK, | Case No. 1:18 CV 2964 |
| Petitioner, | MEMORANDUM OF OPINION |
| -vs- | AND ORDER |
| CLIFFORD PINKNEY, Sheriff, et.al., | JUDGE JAMES S. GWIN |
| Respondents. | |

Petitioner Johnie McCormick, an inmate of the Cuyahoga County Corrections Center ("CCCC") in Cleveland, Ohio, has filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that he has experienced numerous "Civil Rights abuses and Inhumane conditions" at CCCC, and requests "peace, Justice, and Compensation to resolve these problems."[1] Additionally, Petitioner has amended his petition to add Warden Eric Ivey of the CCCC as a Respondent.[2] He also has filed a motion to proceed in *forma pauperis*; that motion is granted.[3] For the following reasons, the petition is dismissed.

---

[1] (Doc. 1.)

[2] (Doc. 3.)

[3] (Doc. 2.)

Petitioner identifies twenty-three "deplorable" conditions at the CCCC, where he has been imprisoned since July 27, 2018.[4] The conditions relate to food services and safety (such as mold in showers and food areas and overcrowding); legal matters (such as staff tampering with legal mail and recording telephone conversations between prisoners and attorneys); medical concerns (such as neglecting to provide proper treatments and to schedule proper medical appointments); and instances of physical and mental abuse (such as abuses resulting in prisoner overdoses and deaths and sexual assaults of inmates).[5] Petitioner claims these conditions were "verified by a recent Federal Inspection . . . ."[6]

District courts are authorized to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States."[7] District courts may summarily dismiss a habeas petition, however, if it appears on its face that the petitioner is not entitled to relief.[8]

In addition, *pro se* habeas petitions are "held to a less stringent standard than those prepared by an attorney."[9] And its allegations must be construed in the petitioner's favor.[10] *Id*. Nonetheless,

---

[4] (Doc. 1-1 at 4.)

[5] (*Id*. at 1-3.)

[6] (*Id*. at 1.)

[7] 28 U.S.C. § 2241(c).

[8] 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 petitions pursuant to Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

[9] *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Telo*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[10] *Urbina*, 270 F.3d at 295.

petitions may be summarily dismissed if they raise "legally frivolous claims" or contain factual allegations that are "palpably incredible or false."[11]

This petition should be dismissed. Habeas corpus petitions (brought under 28 U.S.C. § 2254, § 2255, and § 2241) and civil rights actions (brought under 42 U.S.C. § 1983) are the two main vehicles federal law provides for relief related to imprisonment.[12] Generally speaking, habeas corpus petitions challenge the validity of confinement or the particulars affecting its duration, while § 1983 actions challenge the circumstances of confinement.[13] Section 2241 petitions, specifically, provide a remedy for prisoners attacking the execution of a sentence.[14]

Here, Petitioner clearly is challenging the conditions of his confinement at CCCC. He himself describes his allegations as "Civil Rights abuses and Inhumane conditions." If he wishes to assert these claims, he must file a civil rights complaint under § 1983.[15]

---

[11] *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

[12] *See Hill v. McDonough*, 547 U.S. 573, 579 (2006).

[13] *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

[14] *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979).

[15] *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (concluding that "the district court should have dismissed the petition without prejudice to allow [the petitioner] to raise his potential civil rights claims properly as a § 1983 action" where petitioner moved under § 2241 for a transfer to a different prison facility for medical treatment).

Accordingly, Petitioner's petition for writ of habeas corpus is dismissed without prejudice under 28 U.S.C. § 2243 and Habeas Corpus Rule 4.  This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: February 25, 2019              *s/     James S. Gwin*
                                      JAMES S. GWIN
                                      U.S. DISTRICT JUDGE